J-A06005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVINA MCNEAL | : | |
| | : | |
| Appellant | : | No. 341 WDA 2022 |

Appeal from the Judgment of Sentence Entered February 1, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001624-2021

BEFORE: OLSON, J., NICHOLS, J., and PELLEGRINI, J.*

MEMORANDUM BY OLSON, J.: **FILED: JUNE 21, 2023**

Appellant, Davina McNeal, appeals from the judgment of sentence entered on February 1, 2022. We affirm.

The trial court ably summarized the underlying facts of this case:

> On October 23, 2022, [Appellant] went to the residence of [M.M. (hereinafter "the Victim"). The Victim was] the girlfriend of Derrick Hundley, [Appellant's] ex-husband. [Appellant] went [to the Victim's home] for the purpose of dropping her children off for a custody exchange [with Mr. Hundley]. . . .
>
> [The Victim] and [Appellant] had a prior aggressive history due to previous threats made by [Appellant] to [the Victim] and [the Victim] had informed [Appellant] that she was not welcome at her residence. Unbeknown to [the Victim] on this date, [Appellant] brought her children to [the Victim's] residence to drop them off with Mr. Hundley. The children were supposed to be dropped off at the street corner. . . .

---

* Retired Senior Judge assigned to the Superior Court.

That evening, [the Victim] heard a knock on her front door. She opened the door and saw Mr. Hundley's two children and [Appellant]. [The Victim] told the children to come inside the residence. [Appellant] was irritated that [the Victim] did not greet her and she asked [the Victim] if she had a "fucking problem." [The Victim] told [Appellant] she did not like her and asked her to leave. Instead of leaving, [Appellant] punched [the Victim] in the head, pushed [the Victim] into the house and entered the house while continuing to assault [the Victim]. She told [the Victim] that she wasn't leaving and [the Victim] knew [Appellant] "wanted her." [Appellant] also told [the Victim] that she was going to kill and shoot [the Victim]. [Appellant] continued to punch and kick [the Victim]. She also choked [the Victim]. [The Victim] felt as though she began to lose consciousness. The next thing [the Victim] remembered was Mr. Hundley and her friend running down the stairs. [The Victim] sustained various physical injuries as a result of the assault.

Trial Court Opinion, 4/12/22, at 1-2.

Following a bench trial, the trial court found Appellant guilty of two counts of burglary and one count of simple assault.[1] On February 1, 2022, the trial court sentenced Appellant to serve five years of probation for her Section 3502(a)(1)(i) burglary conviction.[2] Appellant filed a timely notice of appeal. She raises one claim to this Court:

The evidence was insufficient to convict [Appellant] of burglary pursuant to 18 Pa.C.S.A. § 3502(a)(1)(i) or 18 Pa.C.S.A. § 3502(a)(1)(ii). The Commonwealth failed to prove, beyond a reasonable doubt, that, when [Appellant] entered onto [the Victim's] front porch, she had contemporaneously formed the specific intent to assault her.

_____

[1] 18 Pa.C.S.A. §§ 3502(a)(1)(i), 3502(a)(1)(ii), and 2701(a)(1), respectively.

[2] The trial court imposed no further penalty for Appellant's remaining convictions.

Appellant's Brief at 13 (some capitalization omitted).

We review Appellant's sufficiency of the evidence challenge under the following standard:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Callen*, 198 A.3d 1149, 1167 (Pa. Super. 2018) (citations and quotation marks omitted).

As is relevant to the case at bar, the offense of burglary is defined in the following manner:

> (a) Offense defined.--A person commits the offense of burglary if, with the intent to commit a crime therein, the person:
>
>> (1)(i) enters a building or occupied structure, or separately secured or occupied portion thereof, that is adapted for overnight accommodations in which at the

time of the offense any person is present and the person commits, attempts or threatens to commit a bodily injury crime therein;

(ii) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense any person is present;

. . .

(e) Definitions.--As used in this section, the following words and phrases shall have the meanings given to them in this subsection:

"Bodily injury crime." As follows:

(1) An act, attempt or threat to commit an act which would constitute a misdemeanor or felony under the following:

. . .

Chapter 27 (relating to assault).

18 Pa.C.S.A. § 3502.

On appeal, Appellant claims that the evidence was insufficient to support her burglary convictions. In particular, Appellant claims, the Commonwealth failed to prove that she had the specific intent to assault the Victim at the time she entered the Victim's front porch. Appellant's Brief at 13. To support this claim, Appellant observes that the Commonwealth always bears the burden of proving the elements of a crime beyond a reasonable doubt. *See id.* at 22. Appellant further observes that, in this case, "there was no testimony presented at trial by either party describing the nature of [the Victim's] front porch." *Id.* at 21. Therefore, according to Appellant, "there is no reason to

believe that [the Victim's] front porch was not surrounded by [an] . . . enclosure [or] that her porch did not have a gate, awning, or other mechanism for maintaining privacy." *Id.* at 22. Thus, Appellant claims, for the sake of this appeal, we must assume that the front porch was part of the Victim's home. *Id.*

With it established that the front porch was a part of the Victim's home, Appellant claims that the trial court found, as a fact, that Appellant "went to [the Victim's] home with the specific intent of exchanging her children with" Mr. Hundley. *Id.* at 11. As a result, Appellant claims, the evidence is insufficient to support her burglary convictions, as "she did not form the specific intent to assault [the Victim] until after she had already entered onto the front porch." *Id.* at 24. Appellant's claim fails.

At the outset, Appellant is obviously correct in noting that "the Commonwealth bears the burden of proving every element of the offense beyond a reasonable doubt." *Commonwealth v. Lopez*, 565 A.2d 437, 439 (Pa. 1989). Appellant is also correct in observing that, at trial, neither party presented any evidence that would describe the appearance or characteristics of the Victim's front porch. *See* N.T. Trial, 11/3/21, at 1-103. Hence, for purposes of this appeal, we will assume that the Victim's front porch was fully enclosed and gated with a door and, thus, was included within the definition of the Victim's "building or occupied structure." *See State v. Stone*, 567 S.E.2d 244, 247 (S.C. 2002) (holding that a fully-enclosed screened-in porch

was a part of a "dwelling" for purposes of the burglary statute and listing cases from other jurisdictions that have held the same).

Nevertheless, Appellant's claim falls apart because the trial court simply did not render a factual finding that Appellant "went to [the Victim's] home with the specific intent of exchanging her children with" Mr. Hundley. *Id.* at 11. To the contrary, the trial court expressly rejected this particular characterization of its factual findings and clarified that it found, as a fact, that Appellant "**used the custody exchange as an opportunity to assault**" the Victim. Trial Court Opinion, 4/12/22, at 4 (emphasis added). The trial court explained:

> **[Appellant] claims that the evidence only established her intent to facilitate a custody exchange. Her claim is wholly without merit because the evidence in this case sufficiently established that [Appellant] intended to commit an assault when she entered [the Victim's] residence.** While there is no question that a custody exchange occurred, **[Appellant] used the custody exchange as an opportunity to assault [the Victim]**. The credible evidence established that [Appellant] punched and pushed her way into [the Victim's] residence and violently assaulted [the Victim] inside her residence. [Appellant] warned [the Victim] that [the Victim] knew [Appellant] wanted to assault her and she threatened to kill and shoot her. [The Victim] has previously told [Appellant] she was not welcome at the residence and [Appellant] had previously sent threatening text messages or voicemails to [the Victim]. In [the trial court's] estimation, **there is no question that [Appellant] entered [the Victim's] residence with the intent to assault her.** She also made various threats, including terroristic threats. Thus, this evidence was sufficient to convict [Appellant] of two counts of burglary.

*Id.* (some capitalization omitted) (emphasis added).

We agree with the trial court and conclude that the evidence is sufficient to establish that Appellant "used the custody exchange as an opportunity to assault" the Victim. *Id.* This evidence includes the Victim's testimony that: prior to the assault, Appellant had "threatened [the Victim] and [the Victim] didn't feel safe with [Appellant] coming to [her] house;" prior to the assault, the Victim informed Appellant that she was not permitted to be on her property and that Appellant was to drop the children off "at the corner;" Appellant never dropped the children off at the Victim's home in the past; when the Victim asked the children to come inside the house, Appellant aggressively "kept stepping in [the Victim's] face;" during the assault, Appellant repeatedly stated that the Victim "knew" Appellant "wanted" her; and, during the assault, Appellant stated that she did not "give a F" about the presence of the children and that she was "going to shoot [the Victim and was] going to kill" her. N.T. Trial, 11/3/22, at 18, 19, 30, 46, and 47. Thus, we conclude that the evidence is sufficient to establish that, when Appellant entered the Victim's front porch, she had already formed the specific intent to assault the Victim. Consequently, Appellant's claim on appeal fails.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/21/2023

- 7 -